## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

RYAN HAYGOOD, DDS AND                    CIVIL ACTION NO.: 15-CV-02343
HAYGOOD DENTAL CARE, LLC

                                         JUDGES. MAURICE HICKS, JR.

VERSUS                                   MAGISTRATE JUDGE HORNSBY

ROSS H. DIES, ET AL


# OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND

# TABLE OF CONTENTS

Facts and Procedural History . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Law and Argument  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

   1.    Plaintiffs' Notice of Amendment of Petitions as a Matter of Course
        has no legal effect. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

   2.    The statutory factors set forth in 28 U.S.C. §1367(c) and the common
        law factors of judicial economy, convenience, fairness, and comity favor
        a denial of plaintiffs' Motion to Remand. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

i

## TABLE OF AUTHORITIES

<u>**Cases**</u>

*Darrington v. Lee*,
    1992 WL 245679 (E.D. La. 09/15/1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Chicago, R.I. & P.R. Co. v. Igoe*,
    212 F.2d 378, 382 (7 Cir. 1954) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Mathews v. HealthSouth Corp.*,
    332 F.3d 293, 296 (5 Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Willard v. Humana Health Plan of Tex., Inc.*,
    336 F.3d 375, 387 (5 Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Bouie v. Equistar Chemicals, L.P.*,
    2006 WL 1736557 at *4 (5 Cir. 06/22/2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Spear Marketing, Inc. v. BancorpSouth* Bank . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    791 F.3d 586 (5 Cir. 06/30/2015)

*Mendoza v. Murphy*,
    532 F.3d 342, 346-47 (5 Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Enochs v. Lampasas County*,
    641 F.3d 155, 158-63 (5 Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 10

*McClelland v. Gronwaldt*,
    155 F.3d 507, 519 (5 Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Cooper v. City of Dallas, Tex*,
    2013 WL 4675665 (N.D. Tex. 08/30/2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 12

*Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*,
    554 F.3d 595 (5 Cir. 2009), cert. denied, 129 S.Ct. 2865 . . . . . . . . . . . . . . . . . . . . 8, 9, 10

*United Mine Workers of America v. Gibbs*,
    383 U.S. 715, 726 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Batiste v. Island Records, Inc.*,
    179 F.3d 217 (5 Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Parker & Parsley Petroleum Co. v. Dresser Indus.*,

972 F.2d 580, 587 (5 Cir. 1992)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Watson v. City of Allen*,
2015 WL 4598294 (N.D. Tex. 07/29/2015)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Unida v. Levi Strauss & Co.*,
986 F.2d 975 (5 Cir. 1983)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Carnegie - Mellon University v. Cohill*,
484 U.S. 343, 357 (1988)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Boelens v. Redman Homes, Inc.*,
759 F.2d 504, 507 (5 Cir. 1985)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Brown v. Southwestern Bell Telephone Co.*,
901 F.2d 1255 (5 Cir. 1990)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Hamburger v. Mobil Oil Corp.*,
1996 WL 180060 at *1 (E.D. La. 04/16/1996)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**Federal Rules of Civil Procedure**

Fed. R. Civ. Pro. 15 (a)(1)(B)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

**Statutes**

15 U.S.C. §§1 and 2  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
28 U.S.C. §1331  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7
28 U.S.C. §1367(c)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8
28 U.S.C. §2201-2202  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
42 U.S.C. §1983  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 7, 9, 12, 13
La. R.S. 37:786  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
La. R.S. 37:3520  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
La. R.S. 49: 960(B)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
La. R.S. 51:1405  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
La. R.S. 51:1409  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

RYAN HAYGOOD, DDS AND                          CIVIL ACTION NO.: 15-CV-02343
HAYGOOD DENTAL CARE, LLC
                                               JUDGE  S. MAURICE HICKS, JR.

VERSUS                                         MAGISTRATE JUDGE HORNSBY

ROSS H. DIES, ET AL

### OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND

MAY IT PLEASE THE COURT:

Defendants, Drs. Sam Trinca, James Moreau, and Dean Manning, respectfully submit this  Memorandum in Opposition to Plaintiffs' Motion for Remand.

### Facts and Procedural History

On September 26, 2011, Dr. Haygood and his dental practice (herein at times collectively referred to as "Haygood") filed suit in Caddo Parish against Dr. Ross H. Dies and his LLC; Camp Morrison, a private investigator working for the Louisiana State Board of Dentistry ("Dental Board"); C. Barry Ogden, the executive director of the Dental Board at the time complaints were made against Dr. Haygood; and Karen Moorehead and Dana Glorioso, dental assistants who according to Haygood were employed by other dentists to go into Haygood's office posing as patients.

The aforementioned lawsuit was precipitated by proceedings instituted by the Dental Board against Dr. Haygood, which ultimately resulted in the revocation of his license to practice dentistry in Louisiana.  In the above lawsuit, Haygood alleges that the defendants acted in concert to commit unfair trade practices, defamation and unlawful and malicious acts against him and his practice.

1

Haygood also claims that the defendants conspired to deprive him of good standing in the community.  He additionally asserts that the Dental Board began an investigation, but it exceeded its lawful duty, violated his due process rights, participants lost their neutrality, adjudicatory and prosecutory roles were mixed, and participants in the investigation violated their duties of trust and confidentiality.  Haygood alleges financial loss, loss of reputation, embarrassment, humiliation, worry, and deprivation of the opportunity to practice in his home town of Shreveport/Bossier. (Rec. Doc. 1, Attachment 12).

On March 22, 2012, Haygood filed a First Supplemental and Amended Petition for Damages, re-asserting all allegations and prayers for relief contained in the Original Petition, but further alleging that defendants Glorioso, Moorehead and Morrison knowingly and intentionally agreed to act in concert with the other defendants named in plaintiffs' Original Petition for Damages to illegally ensure that the investigation produced false evidence of misconduct on Dr. Haygood's part so that the proceedings of the Board would result in adverse findings against Dr. Haygood.  These alleged illegal acts included, according to Haygood's First Supplemental and Amended Petition, an intentional violation of La. R.S. 37: 3520.[1]

As a result of the alleged foregoing criminal acts, breaches of confidentiality, and false and defamatory statements allegedly made by Morrison, Moorehead, and Glorioso, acting in concert with the other named co-defendants, it was asserted that plaintiffs had been damaged, incurred financial loss, reputational loss and substantial general damages of embarrassment, humiliation, and

---

[1]La. R.S. 37:3520 provides, in pertinent part, that it shall be unlawful for any person knowingly to commit any of the following acts: (1) Provide contract or private investigator service without possessing a valid license.  (2) Employ an individual to perform the duties of a private investigator who is not the holder of a valid registration card.  (3) Designate an individual as other than a private investigator to circumvent the requirements of this Chapter.

worry. (Rec. Doc. 1, Attachment 12).

On January 25, 2013, Haygood filed a Second Supplemental and Amended Petition for Damages, alleging that Dr. Dies and his co-conspirators knowingly engaged in conduct which violated the Louisiana Unfair Trade Practices Act, La. R.S. 51:1405, by conspiring with the intent to exclude plaintiffs from the Louisiana dental services market through, inter alia, the initiation and conduction of sham peer review proceedings that did not conform to statutory or constitutional requirements and resulted in the unlawful revocation of his dental license. According to plaintiffs, the acts of all co-conspirators are directly attributable to Dr. Dies and, therefore, all co-conspirators are liable, in solido, for the damages to plaintiffs.

Additionally, according to plaintiffs in their Second Supplemental and Amended Petition, Dr. Dies, Dr. H.O. Blackwood, Dr. Johnny Black, Dr. Jon Stewart, Dr. Tom Colquittt, and Dr. Robert Hill were competitors providing professional dental services to the Shreveport/Bossier City metropolitan area and, based upon information and belief, are co-conspirators. The conduct of Dr. Dies and his co-conspirators, according to plaintiffs, include misrepresentations, deception, breaches of fiduciary duties, and unethical conduct. The acts of the conspirators, which were allegedly aided, abetted and encouraged by Dr. Dies, continued as planned, with the hearings conducted by the Dental Board on September 23 and 24 and October 22 and 23, 2010. Furthermore, accordingly to plaintiffs, co-conspirators Johnny Black, Robert Hill, and Karen Moorehead testified at the October 22-23 hearings and co-conspirator Brian Begue acted in an unlawful manner to secure a result adverse to Dr. Haygood during the October 22-23 hearings as well. (Rec. Doc. 1, Attachment 12).

On June 28, 2013, plaintiffs filed a Third Supplemental and Amended Petition for Damages, adding Camp Morrison Investigations, Inc. and alleged competitors, Dr. H.O. Blackwood and Dr.

3

Robert K. Hill, as direct defendants.

Plaintiffs allege that although on September 26, 2012, the Fourth Circuit Court of Appeal vacated the Board's prior ruling, the Board notified Dr. Haygood of its intent to move forward with the institution of additional formal charges, (the "2013 charges").  Plaintiffs allege that the decision to proceed with the re-institution of the formal charges and the addition of new charges are based on the Board's desire to retaliate against plaintiffs and to gain an advantage in the pending civil lawsuits.  Plaintiffs additionally allege that La. R.S. 49: 960(B) provides for the disqualification of Board members who cannot accord a fair and impartial hearing . . . Therefore, according to plaintiffs, all current Board members should be disqualified from conducting proceedings against Dr. Haygood.  Furthermore, in addition to the foregoing, plaintiffs assert that the United States Constitution requires that such hearing be conducted in a manner which maintains the appearance of fairness, neutrality, and freedom from the taint of improper influences, such as competitive considerations, financial strains on the Board, and maliciousness on the part of its participants.

Plaintiffs also allege that the named defendants and their co-conspirators are currently working to initiate a second sham peer review proceeding based on improper charges, supported by unlawfully gathered evidence and presided over by an improper hearing panel.  Accordingly, the conspiracy to damage plaintiffs is currently continuing and plaintiffs' due process rights granted by the Constitutions of the State of Louisiana and the United States continue to be violated. Furthermore, plaintiffs allege specifically that the named defendants and their co-conspirators have acted in violation of 42 U.S.C. §1983 both as to the 2013 charges and all prior proceedings.  (Rec. Doc. 1, Attachment 12).

On August 7, 2015, plaintiffs filed a Fourth Supplemental and Amended Petition, naming

4

as additional defendants, Drs. Sam Trinca, James Moreau, and Dean Manning, the members of the hearing panel that presided over the Louisiana State Board of Dentistry's proceedings which were held against Dr. Haygood in September and October of 2010.  In addition, plaintiffs sued the Louisiana State Board of Dentistry in their Fourth Supplemental and Amended Petition for Damages.

In essence, plaintiffs allege that these newly named defendants, along with Brian Begue, conspired and acted in concert with other named defendants to deprive plaintiff Haygood of his right to due process.  Additionally, plaintiffs allege that the Louisiana State Board of Dentistry is liable for all of the wrongful acts of its members, agents, and employees, including all defendants, as outlined in plaintiffs' petitions.  (Rec. Doc. 1, Attachment 12).

On September 8, 2015, panel members Trinca, Moreau, and Manning, with the consent of all named defendants, filed a Notice of Removal, citing plaintiffs' section 1983 claims as alleged in their Third Supplemental and Amended Petition for Damages, as well as plaintiffs' alleged due process violations asserted in their Fourth Supplemental and Amended Petition as the basis for federal jurisdiction. (Rec. Doc. 1).

On September 25, 2015, plaintiffs filed a Notice of Amendment of Petitions as a Matter of Course, citing Fed. R. Civ. Pro. 15 (a)(1)(B).  Plaintiffs asserted that they hereby amend their petitions  filed in the First Judicial District Court for Caddo Parish in order to eliminate the claims for relief under 42 U.S.C. §1983, as set forth in paragraph 36 of their Third Supplemental and Amended Petition, along with any other claims that may be construed to be federal question claims over which this court has original jurisdiction under 28 U.S.C. §1331.  Plaintiffs averred that since they were moving to amend their petitions "as a matter of course" under Fed. R. Civ. Pro.

15(a)(1)(B), plaintiffs need not and did not seek the leave of the court or the consent of the parties herein when filing the aforementioned amendment.  (Rec. Doc. 7).

On September 29, 2015, plaintiffs filed a Motion for Remand, requesting this Honorable Court to issue an Order remanding this matter to the First Judicial District Court for Caddo Parish. (Rec. Doc. 11).

## Law and Argument

Issue:   Plaintiffs' Notice of Amendment of Petitions as a Matter of Course has no legal effect.

As noted above, plaintiffs invoked Fed. R. Civ. Pro. 15(a)(1)(B) to amend their previously filed petitions in state court to delete their federal question claims without the leave of court or the consent of the opposing parties as mandated by Rule 15(a)(2).  Defendants respectfully submit that such invocation is inappropriate as Rule 15(a)(1)(B) allows such an amendment only once as a matter of course.  In the instant case, plaintiffs have already amended the pleadings at issue four times, thus precluding the applicability of Rule 15(a)(1)(B).

As noted by the court in *Darrington v. Lee*, 1992 WL 245679 (E.D. La. 09/15/1992), once an action has been removed to federal court, it should proceed as if it had been brought in federal court originally.  See also: *Chicago, R.I. & P.R. Co. v. Igoe*, 212 F.2d 378, 382 (7 Cir. 1954). Accordingly, plaintiffs' Notice of Amendment of Petitions as a Matter of Course has no legal effect and, thus, plaintiffs cannot rely on same to effect a remand of this action to state court.  U.S. ex rel. *Mathews v. HealthSouth Corp.,* 332 F.3d 293, 296 (5 Cir. 2003); U.S. ex rel. *Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 387 (5 Cir. 2003);[2]

---

[2]Courts routinely deny motions to amend under Rule 15 if the court finds that the plaintiff has acted in bad faith in dropping the federal claims.  See e.g., *Bouie v. Equistar Chemicals, L.P.,* 2006 WL 1736557 at *4 (5 Cir. 06/22/2006) (affirming district court's denial of

Issue:  The statutory factors set forth in 28 U.S.C. §1367(c) and the common law factors of judicial economy, convenience, fairness, and comity favor a denial of plaintiffs' Motion to Remand.

Plaintiffs do not dispute that the court had subject matter jurisdiction over all pleaded claims when this action was removed from state court.  The court had federal question subject matter jurisdiction under 28 U.S.C. §1331 because of the §1983 claims and had supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.  Furthermore, it is well settled that the fact that a plaintiff amends his complaint to omit his federal claims does not deprive the court of jurisdiction over the remaining claims.  The recent opinion of the Fifth Circuit in *Spear Marketing, Inc. v. BancorpSouth Bank* makes this legal principle quite clear as the court noted:

> "[J]urisdictional facts are determined at the time of removal, and consequently post-removal events do not affect that properly established jurisdiction."  It is this court's established precedent that once a case is properly removed, the district court retains jurisdiction  *even if* the federal claims are later dropped or dismissed.

> We have stated on several occasions that a post-removal amendment to a petition that deletes all federal claims, leaving only pendent state claims, *does not* divest the district court of its *properly triggered* subject matter jurisdiction.  In a jurisdictional inquiry, we look at the complaint as it existed at the time the petition for removal was filed, regardless of any subsequent amendments to the complaint.

791 F.3d 586 (5 Cir. 06/30/2015).  See also *Mendoza v. Murphy*, 532 F.3d 342, 346-47 (5 Cir. 2008).

Contrary to plaintiffs' assertion, defendants respectfully submit that the principles expressed in *Enochs v. Lampasas County*, 641 F.3d 155, 158-63 (5 Cir. 2011), support defendants' argument that this court should retain supplemental jurisdiction over plaintiffs' state law claims.

*Enochs* directs that in deciding whether to remand once the federal claim is abandoned, the

---

employee's motion to amend complaint to remove federal claims where motion was filed in bad faith to merely defeat federal jurisdiction).

court should consider both the statutory factors set forth in 28 U.S.C. §1367(c) and the common law factors of judicial economy, convenience, fairness, and comity. 641 F.3d at 159. And, it instructs that the court is to guard against improper forum manipulation. *Id.*

The statutory factors referenced above are: (1) whether the state law claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction. 28 U.S.C. §1367(c). The overall balance of these factors is important. *Enochs*, 641 F. 3d at 159. No single factor is dispositive in this analysis. Nor is the "general rule" to decline to exercise jurisdiction over pendent state law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial either mandatory or absolute. Each case must be analyzed in light of its specific circumstances. *McClelland v. Gronwaldt*, 155 F.3d 507, 519 (5 Cir. 1998).

Although plaintiffs claim in discussing the initial factors of the supplemental jurisdiction inquiry that plaintiffs' only remaining claims involve complex issues of Louisiana law, which will require decisions as to novel issues of Louisiana administrative law, immunities, and discovery privileges held by Louisiana state licensing boards, plaintiffs have provided no explanation as to why these alleged areas of Louisiana law are particularly difficult to apply in this case. See, for example, *Cooper v. City of Dallas, Tex.*, 2013 WL 4675665 (N.D. Tex. 08/30/2013) (due process violations during an administrative law judge proceeding, fraud, libel, slander - all relatively simple issues of state law).

More importantly, as noted by the Fifth Circuit in *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.,* 554 F.3d 595 (5 Cir. 2009), cert. denied, 129 S.Ct. 2865, this Honorable Court has

already addressed a majority of the issues remaining in the case which plaintiffs seek to remand. The fact that plaintiffs invoked this court's federal question jurisdiction, as well as the court's supplemental jurisdiction over their state law claims, when filing the case of *Ryan Haygood, DDS and Haygood Dental Care, LLC v. Brian Begue, et al,* Civil Action No. 13-CV-0335, which lawsuit is substantially similar to the removed state court lawsuit at issue, belies their assertion in their Motion to Remand that the court should refuse to retain jurisdiction over plaintiffs' remaining claims due to alleged predominate novel and complex state law claims.[3]

Indeed, the civil docket sheet for the aforementioned federal suit shows that 180 pleadings have been filed by the parties and that this court has decided at least 5 dispositive motions[4] addressing issues, such as immunity and prescription, which confirms that this court has substantial familiarity with the merits of the case and negates a finding that a Louisiana state court is better equipped to handle plaintiffs' remaining state law claims. *Brookshire Bros. Holding, Inc., supra,*

_____

[3]On February 13, 2013, plaintiffs, Ryan Haygood, DDS and Haygood Dental Care, LLC, filed a Complaint against Brian Begue, Ross H. Dies, DDS, J. Cody Cowen, DDS and Benjamin A. Beach, DDS., a Professional Dental Limited Liability Company, Robert K. Hill, DDS, Hill DDS, Inc., Camp Morrison, Camp Morrison Investigations, LLC, C. Barry Ogden, Karen Moorhead, and Dana Glorioso, for antitrust violations under 15 U.S.C. §§1 and 2, claims for deprivation of rights under 28 U.S.C. §1983, and state law claims for defamation and alleged violations under the Louisiana Unfair Trade Practices Act, La. R.S. 51:1409786, et seq. The main factual allegations of the Complaint pertain to the investigation and hearings conducted by the Louisiana State Board of Dentistry, which revoked the license of Dr. Ryan Haygood to practice dentistry in the State of Louisiana and of Dr. Haygood's successful appeal of the determination of the Louisiana State Board of Dentistry under La. R.S. 37:786.  (Rec. Doc. 1, ¶¶15, 17-21, 25, 27, 29, and 34-6).  On March 7, 2014, plaintiffs filed a First Supplemental, Amended and Restated Complaint for Damages for declaratory and injunctive relief.  Plaintiffs seek declarations under 28 U.S.C. §2201-2202 that the Board cannot provide Dr. Haygood a fair and impartial hearing that comports with the due process requirement of the United States Constitution. (Rec. Doc. 100).

[4]See: Rec. Docs. 107, 109, 111, 113, and 168.

at 603.  See also: *Batiste v. Island Records, Inc.*, 179 F.3d 217 (5 Cir. 1999) (As noted by the Fifth Circuit, the district court had already granted defendants summary judgment on some state law claims and the absence of any difficult state law questions, as well as the district court's intimate familiarity with plaintiffs' claims, weighed heavy on its conclusion that the district court abused its discretion in refusing to retain jurisdiction over the remaining claims).

Defendants also submit that the common law factors to be considered do not favor remand. The first factor, judicial economy, typically focuses on whether the federal court has already expended judicial resources on the case at hand and also considers whether the parties will be required to duplicate their effort if the case is remanded.  *Enochs*, 641 F.3d at 159-60; see also *Brookshire Bros.*, 554 F.3d at 602-03.  Defendants submit that judicial economy will be promoted by allowing the parties to proceed in a single forum.[5]  Furthermore, contrary to plaintiffs' assertion, the "plethora of discovery" which has been conducted in the state court forum would not have to be duplicated in the federal forum.  Proceeding in two forums is what requires the duplication of research, discovery, and briefing.  Additionally, the familiarity of this Honorable Court with the merits of Haygood's claims demonstrates that further proceedings in the federal forum would prevent redundancy and conserve scarce judicial resources.  See: *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 587 (5 Cir. 1992).   ("The amount of judicial resources that the case has consumed is most important for our analysis as an indication of the familiarity of the forum with the case and its ability to resolve the dispute efficiently.").[6]

---

[5]Consolidation of the Haygood cases is an option to consider as the two cases involve the same controversy.

[6]A review of the state court docket sheet attached to plaintiffs' Motion to Remand (Rec. Doc. 11) shows that presiding Judge Pitman, who took over after Judge Emanuel's retirement on

The factor of convenience likewise does not weigh in favor of remand.  Both the federal courthouse and the state courthouse from which this case was removed are in the City of Lafayette.  Resolving the state law issues in the federal courthouse is just as convenient for the litigants as a resolution in the state courthouse would be.  *Watson v. City of Allen,* 2015 WL 4598294 (N.D. Tex. 07/29/2015).  Rather, defendants submit that the convenience factor strongly favors retaining jurisdiction as it would be highly inconvenient and expensive for the parties to have to litigate two separate cases when they can instead proceed in a single forum.

The same is true of the third factor, fairness.  While it could be ordinarily fair to have purely state law claims heard in state court, that is not the case when there are two pending lawsuits that address the same controversy.  Furthermore, plaintiffs' assertion that they will be greatly prejudiced should this case remain before this court due to the pending June 20, 2015 trial date in state court does not take into consideration the fact that the panel defendants have just been brought into this litigation and that they did not participate in the discovery which has previously transpired, other than to have their own depositions taken.  This will probably necessitate the recently sued panel defendants filing a Motion to Continue the trial, if the case is remanded to state court; thus, negating plaintiffs' above argument relating to the fairness factor.

Plaintiffs also argue that the court should not exercise supplemental jurisdiction for reasons of comity and federalism.  Concerns relating to comity must be balanced against the purposes of

---

December 31, 2013, decided one Exception of No Cause of Action.  Additionally, the docket sheet shows that two Motions for Summary Judgment were filed since he took over, one on June 23, 2014 and the other on July 30, 2014.  (Rec. Doc. 11, pages 41 and 46 of docket sheet).  However, said Motions for Summary Judgment dealt with insurance related issues.  Thus, defendants submit that the state court's familiarity with the case does not override this court's familiarity.

11

exercising supplemental jurisdiction: judicial economy, convenience, and fairness to the litigants. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). See also, *Unida v. Levi Strauss & Co.*, 986 F.2d 975 (5 Cir. 1983) (The district court would have likely erred in remanding the case to state court solely on principles of federalism and comity). As detailed above, those concerns weigh heavily in favor of exercising supplemental jurisdiction in this case. Furthermore, as discussed previously, the state claims in this case are not substantially complex. Accordingly, despite the important interests of federalism and comity, this militates in favor of retaining supplemental jurisdiction. *Cooper v. City of Dallas, Tex., supra*, 2013 WL 4675665. Additionally, defendants aver that the comity factor is substantially mitigated herein because regardless of where the removed state court case is litigated, this court had and will have to resolve the issues of state law raised in plaintiffs' previously filed federal suit which involves the same controversy.

As noted previously, the final part of the remand analysis concerns forum manipulation. "If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered . . . support a remand." *Carnegie - Mellon University v. Cohill*, 484 U.S. 343, 357 (1988).

Defendants submit that the convoluted procedural history of the plaintiffs' lawsuits described in prior sections of this memorandum is not typical and is the result of manipulative tactics for strategic gain that weigh in favor of retaining jurisdiction. Defendants make this observation because from the beginning, plaintiffs tried to segregate what is factually and legally one lawsuit into separate suits in order to obtain their preferred forum for most of the claims. If plaintiffs wished to keep the removed state court lawsuit at issue in state court, they "should have [made] that assessment before the case [was] jockeyed from state court to federal court and "drain[ed] . . . the

12

resources of the state judiciary, the federal judiciary and the parties involved." *Boelens v. Redman Homes, Inc.,* 759 F.2d 504, 507 (5 Cir. 1985).  Although in their Notice of Amendment of Petitions as a Matter of Course, plaintiffs aver that their §1983 claim, as alleged in their Third Supplemental and Amended Petition, was inadvertently retained in the state court pleadings, the fact that plaintiffs specifically re-asserted said due process violations in their Fourth Supplemental and Amended Petition contradicts such assertion. (Rec. Doc. 1, Attachment 1 and Rec. Doc. 7).

In *Brown v. Southwestern Bell Telephone Co.*, 901 F.2d 1255 (5 Cir. 1990), the Fifth Circuit stated:

> [C]ourts should consider whether the plaintiff has attempted to manipulate the forum in which his case will be heard simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case, and should guard against such manipulation by denying motions to remand where appropriate.

*See also: Hamburger v. Mobil Oil Corp.,* 1996 WL 180060 at *1 (E.D. La. 04/16/1996). (Opting to retain jurisdiction over state law claims where plaintiff deleted federal claims in an attempt to manipulate the forum).

Defendants aver that the circumstances discussed above, including forum manipulation factors, heavily support the court retaining supplemental jurisdiction.  If this Honorable Court retains such jurisdiction, judicial resources will be conserved and the risk of inconsistent rulings will be eliminated.  Accordingly, defendants pray that plaintiffs' Motion to Remand be denied.

13

RESPECTFULLY SUBMITTED:

JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL

**By:**    s/William P. Connick        
       WILLIAM P. CONNICK (#14158) T.A.
       MICHAEL S. FUTRELL (#20819)
       ELIZABETH O. CLINTON (#10155)
       **Special Assistant Attorneys General**
       3421 N. CAUSEWAY BLVD., SUITE 408
       METAIRIE, LA 70002
       PHONE: (504) 838-8777
       FAX:(504) 838-9903
       EMAIL: pconnick@connicklaw.com
       EMAIL: mfutrell@connicklaw.com
       EMAIL: eclinton@connicklaw.com
       *Counsel for Samuel Trinca, Dean Manning and*
       *James Moreau*

## CERTIFICATE OF SERVICE

I certify on October 21, 2015, a copy of the above and foregoing Opposition to Plaintiffs' Motion for Remand was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

       s/William P. Connick     
       WILLIAM P. CONNICK

14