UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HAYGOOD DENTAL CARE, LLC, ET AL          CIVIL ACTION NO. 15-cv-2343

VERSUS                                   JUDGE HICKS

ROSS H. DIES                             MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Dr. Ryan Haygood's dental license was revoked by the Louisiana State Board of Dentistry ("Dental Board").  Haygood and his limited liability company (collectively, "Haygood") filed a lawsuit in state court and asserted state law claims against several defendants related to the revocation.  A couple of years later, he filed a similar federal lawsuit that asserted both state and federal law claims.

Haygood amended the state court petition along the way to include a federal claim under 42 U.S.C. § 1983.  The defendants in the case at that time did not immediately remove, but when Haygood later added more defendants and repeated his federal claim, the state court defendants removed the case to this court based on federal question jurisdiction.  This is that removed case.

Haygood responded to the removal by immediately dismissing any federal law claims. He then filed a Motion for Remand (Doc. 11) that argued the removal was untimely and invoked this court's discretion under 28 U.S.C. § 1367.  Defendants oppose the motion and

argue that Haygood is engaging in forum manipulation.  For the reasons that follow, it is recommended that the Motion to Remand be granted.

**Background Facts**

The Dental Board received complaints that Dr. Haygood recommended extensive and expensive treatment plans after over-diagnosing or unnecessarily diagnosing patients with periodontal disease.  A three-year investigation and administrative proceeding followed.  In 2010, a disciplinary panel held a hearing and revoked Dr. Haygood's dental license and levied fines against him for violations of the Louisiana Dental Practice Act.  Dr. Haygood appealed the decision to the state court in Orleans Parish and eventually to the Louisiana Fourth Circuit Court of Appeal.  The appellate court found that the Dental Board's counsel participated in the administrative hearing in dual roles as prosecutor and adjudicator, in violation of due process, so it vacated and remanded the Dental Board's ruling.  The Dental Board later renewed some form of disciplinary proceedings against Dr. Haygood.  Haygood contends that those proceedings also involve unlawful actions.

In September 2011, while the state court appeals were ongoing, Haygood filed suit in Caddo Parish state court against a fellow dentist, an investigator, and other persons who Haygood alleged conspired to commit unfair trade practices, defamation, and other state-law torts.  The state court suit progressed for several months, and Haygood amended his petition twice.

Haygood later filed a federal suit in this court in February 2013.  Haygood v. Dies, 13-cv-0335 ("the federal suit").  The complaint named the same defendants from the state

court suit, plus a few others. It asserted state law claims such as defamation and violation of the Louisiana Unfair Trade Practices Act, and it also asserted federal claims under antitrust laws and 42 U.S.C. § 1983.  Haygood later amended the federal complaint to seek declaratory and injunctive relief against 14 new defendants, all of whom who are current or former board members of the Dental Board.  He alleged that the defendants had continued their misdeeds against him by initiating the new disciplinary proceeding, which Haygood characterized as a continuation of the administrative proceeding that led to the lawsuits.

Judge Hicks issued rulings (Docs. 106, 108 & 110) in the federal suit that granted motions to dismiss filed by some of the defendants.  A Section 1983 claim against Dr. Hill was found to be untimely, and the anti-trust claim against him did not state a claim on which relief could be granted.  A defamation claim was found to be untimely, and a Louisiana Unfair Trade Practices Act claim was dismissed for not stating a viable claim.  The claims against the attorney who served as counsel to the Dental Board during the administrative hearing process were dismissed based on absolute immunity.  Motions to dismiss other claims are pending.

Meanwhile, in the state court case, Haygood filed a third supplemental petition in June 2013 that named new defendants and included in the state suit, for the first time, a federal claim.  Paragraph 36 of the third supplemental petition stated that "out of an abundance of caution, Plaintiffs allege specifically that the named defendants and their co-conspirators have acted in violation of 42 U.S.C. § 1983 both as to the 2013 charges and all prior proceedings."  Defendants argue that this amendment was made at about the same time they

were asserting their successful limitations defense to the Section 1983 claims in the federal suit, and they believe it was part of an effort to preserve a timely Section 1983 claim in some forum.

Haygood filed a fourth supplemental petition in August 2015 that was the trigger for removal of the state court suit.  It named as new defendants the Dental Board and members of a hearing panel that presided over some of the relevant proceedings.  It stated that the plaintiffs "reallege and incorporate by this reference all allegations and prayers for relief contained in all prior petitions filed in this matter as if set forth in extenso, herein."  That would include the federal claim from the third supplemental petition.  The new panel-member defendants, joined in writing by all other defendants, removed the case based on the federal claim.

**Timeliness**

**A. Introduction**

Haygood's Motion to Remand argues that the notice of removal is potentially untimely because  (1) the removing defendants did not state in the notice whether they received a copy of the supplemental petition before they were actually served and (2) the first-served defendant rule might make removal untimely.  These arguments are raised only briefly in the motion itself; they are not briefed in the memorandum in support.

**B. Informal Delivery of Complaint**

The first argument (receipt of a copy prior to service) lacks merit.  The removing defendants state that they were served with the fourth supplemental petition on August 17

and 18, 2015.  They removed the case on September 8, 2015, less than 30 days later. Haygood's assertion that the defendants might have received a copy of the fourth supplemental petition through other means before service is of no moment.  The Supreme Court explained in Murphy Brothers v. Michetti Pipe Stringing, Inc., 119 S.Ct. 1322 (1999) that a named defendant's time to remove is triggered by formal service, not by mere receipt of a courtesy copy or other informal delivery of the petition.

### C. First-Served Defendant Rule

The second argument (the first-served defendant rule)— despite its brief assertion and that it has since been statutorily overruled—has merit.  Haygood's timely motion (filed within 30 days of removal) devoted only a brief passage to the procedural deficiency, but that was enough to preserve it in a motion.  If a timely motion to remand adverts to the substantive concept behind a particular procedural defect, that can be sufficient to preserve the issue.  Patin v. Allied Signal, Inc., 77 F.3d 782, 786 (5th Cir.1996).

The first-served defendant rule was applied by the Fifth Circuit in cases such as Brown v. Demco, Inc., 792 F.2d 478, 481 (5th Cir.1986).   In Brown, the plaintiff sued multiple diverse defendants, but none of them sought removal to federal court. Brown, 792 F.2d at 480.   Five years later, plaintiff added additional diverse defendants, and the later-added defendants promptly sought removal based on diversity, with the concurrence of all the original defendants. Id.  The district court denied the plaintiff's motion to remand, but the Fifth Circuit reversed. Id. The appellate court reasoned, "If the first served defendant abstains from seeking removal or does not effect a timely removal, subsequently served

defendants cannot remove ... due to the rule of unanimity among defendants which is required for removal." Id.[1]  The original diverse defendants' failure to timely seek removal waived the right of the later added defendants to remove, even if the original defendants joined the removal.

Haygood's third supplemental petition filed in June 2013 named new defendants and expressly invoked 42 U.S.C. § 1983.  None of the parties sought removal based on the introduction of a federal claim.  It was not until Haygood filed a fourth supplemental petition in August 2015 that new defendants named in that petition sought removal (joined by the other defendants) based on the two-year old federal claim.  Haygood argues that the removing defendants lost their right to remove because an earlier-served defendant did not remove timely, therefore depriving later-served defendants of the right to do so.

Haygood's argument appears to be correct under the first-served defendant rule, but defendants argue that 2012 amendments to 28 U.S.C. § 1446(b)(2)(C) did away with the rule and now protect defendants in this situation.  The statute now provides: "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."  All named defendants filed written consent to the notice of removal, which was filed within 30 days of service on the removing

---

[1] The rule of unanimity has also been applied to cases removed based on  federal question.  Doe v. Kerwood, 969 F.2d 165, 167 (5th Cir. 1992); Orion Refining Corp. v. Fluor Enterprises, Inc., 319 B.R. 480, 484-85 (E.D. La. 2004).

defendants.  The removal would be timely under the new statute, but the old law applies to this case.

The Act provides that the amendments to Section 1446 apply to actions commenced after the January 6, 2012 effective date, and removed cases are deemed to have commenced on the date they were commenced in state court.  Jones v. Shaner SPE Assoc., LP, 2012 WL 1609884 (W.D. La. 2012); Kunce v. State Farm Mut. Auto. Ins. Co., 2013 WL 1501041 (W.D. La. 2013). Haygood commenced this suit in state court in 2011, so the jurisprudential rule in place before the Act is applicable.  Meeks v. Damillie, 2013 WL 5464639 (N.D. Miss. 2013) (applying first-served defendant rule to suit filed in state court in 2010 and later removed based on an assertion of federal question jurisdiction).  The lack of removal by the defendants at the time of service of the third supplemental petition that added the federal claim prevents this removal, filed two years later, from being timely.  Haygood is entitled to remand on this basis.

**Discretionary Remand**

### A. Federal Claims Dismissed

In the alternative to the untimeliness basis for remand, the court will discuss discretionary remand under 28 U.S.C. § 1367(c)(3), which applies when the federal claims that gave rise to jurisdiction have been dismissed.  Haygood filed a Notice of Amendment of Petitions as a Matter of Course fewer than 20 days after this case was removed.  That submission states: "Plaintiffs hereby amend their petitions in order to eliminate the claims for relief under 42 U.S.C. § 1983, as set forth in Paragraph 36 of their Third Supplemental

and Amended Petition, along with any other claims that may be construed to be federal question claims over which this court has original jurisdiction under 28 U.S.C. § 1331." Plaintiffs added a representation "that they act in good faith, as the 42 U.S.C. § 1983 claim was inadvertently retained in the state court pleadings originally filed in the [state court]." They explained that "[s]ince this court's litigation of this claim, it has become anachronistic, and should have been eliminated from the state court action."  The "litigation of this claim" reference is presumably to the ruling in the federal case that similar Section 1983 claims were untimely.  Four days later, Haygood filed his Motion to Remand.

### B. Propriety of the Amendment

The removing defendants argue that Haygood was not entitled to amend his petition as a matter of course, so was required to seek leave to amend and delete the federal claims. Federal Rule of Civil Procedure 15(a)(1)(B) provides that if a pleading is one to which a responsive pleading is required (such as a petition), a party may amend the pleading once as a matter of course within 21 days after service of a responsive pleading.  One defendant filed an answer the day before Haygood filed his notice of amendment, which Haygood took to trigger the right to amend within 21 days.  The removing defendants argue that the rule allows an amendment only once as a matter of course within the litigation, and Haygood had already amended his petition three times.

The court need not address the precise application of the rule in this removed case because, had Haygood presented his request in a motion, the court would certainly have granted it.  No defendant has stated that it insists Haygood continue to sue it under Section

1983 or any other federal law, rather than voluntarily dismiss such claims, and the court cannot imagine such a plea coming from a defendant.  Haygood is asking to dismiss a claim that, presumably, all defendants would challenge on the merits and seek dismissal.  Haygood is giving them what they want without requiring them to lift a finger or spend a penny.  The court would allow voluntary dismissal of the federal claims under these circumstances, whether of course or if requested by motion.  The next question is whether this should also lead to remand of the remaining state law claims.

### C. Discretionary Supplemental Jurisdiction

The federal claims that formed the basis for original jurisdiction have been dismissed, and jurisdiction over the remaining state-law claims is by means of supplemental jurisdiction under 28 U.S.C. § 1367(a).  The statute provides in Section §1367(c)(3) that the district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if" it "has dismissed all claims over which it has original jurisdiction."  The general rule in the Fifth Circuit is that state-law claims should be remanded once the basis for federal question jurisdiction has been dismissed.  Engstrom v. First National Bank of Eagle Lake, 47 F.3d 1459, 1465 (5th Cir. 1995)(district court did not abuse discretion by remanding remaining state claims when case pending for three years, trial preparation under way, but judicial resources invested were "remarkably small").

But the general rule is "neither mandatory nor absolute."  Enochs v. Lampass County, 641 F.3d 155, 161 (5th Cir. 2011).  A district court has "wide discretion" in deciding whether to "order a remand of state claims on the heels of a dismissal of federal claims."  Guzzino v.

Felterman, 191 F.3d 588, 595 (5th Cir. 1999). The factors to be considered in determining whether to remand are judicial economy, convenience, fairness, federalism and comity. Engstrom, supra. The court must also consider whether the plaintiff has "attempted to manipulate the forum ... simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case." Brown v. Southwestern Bell, 901 F.2d 1250, 1255 (5th Cir. 1990), quoting Carnegie-Mellon University v. Cohill, 108 S.Ct. 614, 622 (1988).

Despite the purported wide discretion vested in the district court, Enochs reversed a district court's decision to keep jurisdiction over state law claims in similar, albeit not identical, circumstances.  The plaintiff filed an original petition in Texas state court and alleged violations of state and federal law. The defendant removed and, within a month, filed a motion to dismiss that challenged both the federal and state claims. The plaintiff responded by filing an unopposed motion to amend the complaint to delete all federal claims, and then a separate motion to remand the remaining state law claim to Texas state court. The district court denied the motion to remand and later granted summary judgment for the defendant on the state law claim.  The Fifth Circuit reversed the denial of remand as an abuse of discretion and reminded that "courts in this circuit must remain diligent in following the Supreme Court's almost fifty-year-old command that federal courts avoid needless decisions of state law." Enochs, 641 F.3d at 163.

This court ordinarily follows the general rule and declines to exercise supplemental jurisdiction over state law claims after federal claims are dismissed voluntarily or through

Page 10 of  14

motion practice.  The court has often dismissed or remanded state law claims even after several months of federal litigation when the federal claims were resolved after motions for summary judgment.  Following that practice, there is a strong case to remand the state law claims here given that the federal claims were dismissed within mere days of removal.  The state law claims that remain involve to a significant extent legal issues surrounding the State's regulation of dental practice and the procedures related thereto.  Concerns of federalism and comity counsel remand based on those facts.

On the other hand, this court's experience in the federal case gives it some familiarity with the issues presented in the removed case.  Keeping the removed case here could arguably result in some judicial economy and avoid potential inconsistent decisions of overlapping legal issues, but at the expense of allowing the state court system to decide state law issues related to important regulatory matters.  But there is also the possibility that the federal court could eventually dismiss or resolve all federal claims in the federal suit, which might result in declining to exercise supplemental jurisdiction over the remaining state law claims in that case.  That, together with a remand in this case, could result in all of the state law claims being presented in one state court, which would serve both judicial economy and concerns of federalism and comity.

Finally, there is the argument that Haygood is engaging in forum manipulation.  "If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case."  Carnegie-Mellon University v. Cohill,

108 S.Ct. at 622-23.  Haygood plainly prefers that his state law claims in this case be decided in the state courts.  By the same token, the defendants desire a federal forum despite the lack of any federal claim or interest remaining in the case.  Haygood's voluntary dismissal of his federal claims soon after removal suggests the step was taken in an effort to return to the state court, but Haygood did offer a plausible explanation for another reason to dismiss the claims: the fact that this court had already dismissed Section 1983 claims as untimely.  Defendants question the sincerity of that explanation.  The court cannot resolve Haygood's credibility on this point, so all of these contentions must simply be taken into account when assessing the balance of factors.

Other considerations include the level of activity in the state court prior to removal.  Haygood represents that the case has twice been to the state appellate court, the current district judge has ruled on a significant discovery issue regarding privilege associated with the administrative process, and that trial date is set for June 2016.  Defendants counter that most of the state court decisions have been procedural or preliminary, and they express doubt that the trial date could hold given the delays occasioned by this removal and the recent addition of new defendants.

The undersigned has carefully considered all of the relevant facts in light of the factors that must be considered in determining whether to remand the state law claims.  There is a plausible argument that some judicial economy could be achieved by keeping the case in this court, but there are also differences between the two cases, and there is the legitimate prospect that the federal suit could also end with the federal court declining to exercise

jurisdiction over its state law claims, which could then be refiled in state court as allowed by Section 1367(d); <u>Jinks v. Richland County</u>, 123 S.Ct. 1667 (2003).

There is some suggestion of forum manipulation, but the undersigned believes that any concerns about that are outweighed by the preference that state courts be allowed to resolve purely state law claims against a state dental board and related defendants that arise from the regulation of dental practice under state law.  Federal courts must sometimes decide such claims when jurisdiction otherwise exists, but when there is a choice the federal court should lean toward allowing the state court system to address such important state law matters.  After considering all of the relevant factors, the undersigned finds that the best exercise of the court's discretion in this case is to decline to exercise supplemental jurisdiction over the state law claims and remand this case to state court.  It would also be regrettable if the court elected to keep the state law claims, decided them on the merits, and then had the Fifth Circuit reverse that election as it did in <u>Enochs</u>, which would result in a tremendous waste of time and resources for the court and parties.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's **Motion to Remand (Doc. 11)** be **granted** and this case be remanded to the First Judicial District Court, Caddo Parish, Louisiana, where it was pending as Suit No. 554,003.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 21st day of January, 2016.

Mark L. Hornsby
U.S. Magistrate Judge